VIGIL, Judge (specially concurring). I agree that Joy Co.’s conduct and activities are sufficient to confer specific jurisdiction on the New Mexico district court to decide R&C’s claim for indemnification against Joy Co. In my opinion, however, this case does not require us to “reject” or “adopt” any views expressed by the United States Supreme Court. Accordingly, I specially concur. The question presented in this case is whether Joy Co. has purposefully availed itself of the privilege of conducting activities within New Mexico, thereby invoking the protection of its laws, and whether the claim for indemnification brought by R&C against Joy Co. arises out of Joy Co.’s activities in New Mexico. See J. McIntyre Mach.,___U.S. at ___, 131 S. Ct. at 2787-88. Two general views have emerged in the analysis of whether a non-resident is subject to the jurisdiction of a state court consistent with due process. Both views command agreement of four justices, while neither commands agreement of a majority. These are Justice Brennan’s view, and Justice O’Connor’s view, both of which are expressed in Asahi, which was decided by a plurality opinion. I refer to Justice Brennan’s view as the “stream of commerce” view. Under this view: The stream of commerce refers not to unpredictable currents or eddies, but to the regular and anticipated flow of products from manufacture to distribution to retail sale. As long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise. Nor will the litigation present a burden for which there is no corresponding benefit. A defendant who has placed goods in the stream of commerce benefits economically from the retail sale of the final product in the forum State, and indirectly benefits from the State’s laws that regulate and facilitate commercial activity. These benefits accrue regardless ofwhether that participant directly conducts business in the forum State, or engages in additional conduct directed toward that State. Asahi, 480 U.S. at 117 (Brennan J., concurring). Thus, if a defendant is aware, or could have foreseen, that its product would ultimately be sold in a state in the stream of commerce, it is subj ect to personal jurisdiction in that state. Id. I refer to Justice O’Connor’s view as the “purposefully directed” test. Under this view: The ‘substantial connection’ between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Asahi, 480 U.S. at 112 (emphasis, internal quotation marks, and citations omitted). This view rejects foreseeability as the standard and instead requires a defendant to take some deliberate and overt action to target the market in the forum state. Id. J. McIntyre Machinery is the most recent opinion of the United States Supreme Court addressing personal jurisdiction, and it was also decided by a plurality opinion. Speaking for four justices, Justice Kennedy states: [Pjersonal jurisdiction requires a forum-by-forum, or sovereign-by sovereign, analysis. The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct. ___U.S. at___, 131 S. Ct. at 2789. Judge Vanzi has fairly summarized the facts in ¶¶ 27-31; 36, and they do not need repeating here. Those facts clearly establish compliance with Justice Brennan’s “stream of commerce” test. The facts also satisfy Justice O’Connor’s “purposefully directed” test. Through its marketing and distributing scheme, Joy Co. clearly targeted New Mexico as a state in which contractual duties and obligations — the basis for the indemnity claim — would be undertaken. The fact that Joy Co. itself does not enter into New Mexico is not dispositive. Summarizing existing case law in J. McIntyre Machinery, Justice Kennedy states, “a defendant may in an appropriate case be subject to jurisdiction without entering the forum — itself an unexceptional proposition — as where manufacturers or distributors ‘seek to serve’ a given State’s market.” Id. at__, 131 S. Ct. at 2788 (citations omitted). Specific, concrete examples set forth in Justice O’Connor’s opinion which demonstrate an intent or purpose to serve the market in the forum state include, “establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.” Asahi, 480 U.S. at 112. Those conditions are plainly present in this case. Finally, I submit that the facts satisfy the view expressed in J. McIntyre Machinery. Specifically, the facts demonstrate that through its marketing and distributing scheme, Joy Co. has engaged in a course of conduct directed at the economy existing within New Mexico. For the foregoing reasons, I do not believe it is necessary to “decline” to apply Asahi or J. McIntyre Machinery as proposed by Judge Vanzi. However, since I believe that under our standard of review, the facts herein satisfy both Asahi and J. McIntyre Machinery, I specially concur in the result reached. MICHAEL E. VIGIL, Judge